People ex rel. Rosen v Imperati (2024 NY Slip Op 51472(U))

[*1]

People ex rel. Rosen v Imperati

2024 NY Slip Op 51472(U)

Decided on October 25, 2024

Supreme Court, Dutchess County

Rosa, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 25, 2024
Supreme Court, Dutchess County

The People of the State of New York ex rel 
 Alexander B. Rosen, Petitioner, on behalf of THOMAS ZEMKO, Relator

against
Kirk Imperati, Dutchess County Sheriff, Dutchess County Jail, 
 150 North Hamilton Street, Poughkeepsie, NY 12601 or any other person having custody of Thomas Zemko, Respondent.

Index No. 54876/24

Dutchess County Public Defender's Office 
Alexander B. Rosen, Esq.
45 Market Street
Poughkeepsie, NY 12601
District Attorney of Dutchess County
Angela Lopane, Esq.
236 Main Street
Poughkeepsie, NY 12601

Maria G. Rosa, J.

The following papers were read and considered on this Petition per Article 70 of the CPLR.
WRIT OF HABEAS CORPUS
PETITION
EXHIBITS
AFFIRMATION IN OPPOSITION
EXHIBITS
VERIFIED ANSWER
The clear purpose of the 2020 changes to New York State's bail statute is to reduce [*2]unnecessary pre-trial detention, while still assuring that defendants will return to court when required (See McKinney's CPL §§ 500.10, 510.10 and Commentaries). Felony Violent Assault is among the qualifying offenses defined in that statute. Amid the 12-Count Indictment in this case is Assault in the First Degree, a Class B violent felony. In addition, Petitioner is charged with three counts of Assault in the Second Degree; four counts of Criminal Possession of a Weapon in the Third Degree; Unlawful Imprisonment in the First Degree; two counts of Menacing in the Second Degree; and Assault in the Third Degree. The legal standard applicable to a petition for habeas corpus relief alleging denial of bail or excessive bail is whether constitutional or statutory standards have been violated (U.S. Const. amend. VIII; CPLR 7010).
Through this Habeas Corpus Petition, this Court is asked to review the bail determination made by the County Court, Dutchess County, on October 8, 2024, which was $250,000.00 cash, $750,000.00 bond, or $1.5 million partially secured bond. The proper scope of inquiry for this Court in reviewing another court's bail determination is whether that court acted arbitrarily or abused its discretion either by denying bail without reason or for reasons insufficient in law, or by imposing excessive bail (CPLR 7010[b]; People ex. Rel. Griffin v. Brann, 72 Misc 3d 237 [Bronx County 2020]). Where the amount of bail set or the denial of bail is supported by the record, it is an exercise of discretion relying upon a rational basis and is therefore beyond modification through habeas corpus relief (Id.; Fischetti v. Brann, 166 AD3d 29 [1st Dept. 2018]; People v. Shafer, 74 Misc 3d 405 [Ulster County 2021]; see also State ex rel. Pruitt v. Maginley-Lidde, 228 AD3d 413 [1st Dept. 2024], citing Fischetti, supra [and affirming denial of bail]).
Here, the County Court Judge addressed those of the nine statutory factors required by CPL § 510.10 that are relevant to this case, including:
(a) The principal's activities and history;
(b) If the principal is a defendant, the charges facing the principal;
(c) The principal's criminal conviction record if any;
(d) The principal's record of previous adjudication as a juvenile delinquent, as retained pursuant to section 354.1 of the Family Court Act, or, of pending cases where fingerprints are retained pursuant to section 306.1 of such act, or a youthful offender, if any;
(e) The principal's previous record with respect to flight to avoid criminal prosecution;
(f) If monetary bail is authorized, according to the restrictions set forth in this title, the principal's individual financial circumstances, and, in cases where bail is authorized, the principal's ability to post bail without posing undue hardship, as well as his or her ability to obtain a secured, unsecured, or partially secured bond;
(g) Any violation by the principal of an order of protection issued by any court;
(h) The principal's history of use or possession of a firearm;
(i) Whether the charge is alleged to have caused serious harm to an individual or group of individuals; and
(j) If the principal is a defendant, in the case of an application for a securing order pending appeal, the merit or lack of merit of the appeal.
THE COURT: Okay, so I set bail on the 18 previous indictments based upon the very serious nature of these allegations. So we had a bail argument at that time. Obviously, it is a new indictment, so we'll address it again. This is one of the most violent cases I have seen come before me with the exception of one other that was attempted murder. Given [*3]the extremely heinous and violent nature of the allegations  we've had lengthy conversations that you're looking at  in light of the fact that you're facing consecutive time on these assaults, you're potentially looking at, given your age, the rest of your life in prison, so I certainly view that as a flight risk. You're charged with a B violent assault, and then looking at consecutive time on D violent felony assaults that occurred on different dates and different times. I have indicated to you that if, if you are convicted of these charges after trial I will, I do think it is appropriate to give you consecutive time given the violent nature of these crimes, in addition to possessing a weapon while having a prior conviction, so there is significant prison time and I view that as an incredible incentive to flee and never come back. You don't have your own independent home here in Dutchess County that would keep you connected to the county. In terms of your prior criminal history, I do think it is relevant in terms of risk of flight. You have been repeatedly convicted of crimes since 1996 in which prior sentences of probation have not deterred criminal further conduct. You were convicted of, in addition to operating a motor vehicle while impaired by drugs which, again, to me shows a total disregard for the safety of others, multiple petit larcenies which goes to your truthfulness and veracity which I tie to your willingness to come back to court. There is most recently again 2019 reckless driving, again, demonstrating you continue to put your own needs ahead of the community, which I equate with risk of flight. There is arrest for possession of a forged instrument in Dover, no court information reported, so I don't know whether or not you have been convicted of that. It still shows as pending. There is an endangering of welfare of a child and a menacing with a weapon also out of Dover 2022 still pending, and you have continued to commit these alleged crimes. The present offense again involves weapons and violence. So based upon those reasons, I do think the bail that I set, originally 250 cash, 750 bond, 1.5 million partially secured bond is appropriate given the incentive to flee and risk of flight concerns that I have.
(Transcript, October 8, 2024 arraignment on indictment number 78 of 2024, Segal, J., Dutchess County Court. NYSCEF document No. 1.)
Further, it is undisputed that on at least one occasion, in January of 2023, Petitioner failed to appear in Court and a bench warrant was issued which was outstanding until he appeared the following month, that he is an unemployed part-time painter, that his mother lives in the County as do his three daughters, two of whom are adults and with whom it is alleged he has little or no contact, all supporting the County Court Judge's determination as to the risk of flight.
Upon consideration of the requisite statutory factors, this Court finds the bail determination was supported by the record and was not an abuse of discretion. Therefore, it will not be disturbed.
Based on the foregoing, it is hereby
ORDERED and ADJUDGED that the Petition is denied. The bail set by the Dutchess County Court stands.
The foregoing constitutes the decision and order of the Court.
Dated: October 25, 2024
Poughkeepsie, New York
ENTER:
MARIA G. ROSA, J.S.C.